UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-60150-CR-COOKE(s)(s)

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DOUGLAS NEWTON,

        Defendant.
_____/

**DEFENDANT'S OBJECTION TO
INTRODUCTION OF PLEA AGREEMENT**

    The defendant Douglas Newton, through undersigned counsel, respectfully objects to the introduction of the plea agreement in the government's case chief or otherwise and in support says:

    The government is asking this court for permission to use in its case in chief statements allegedly made by a defendant in a plea agreement. In *United States v. Mezzannatto*, 513 U.S. 196 (1995) the Supreme Court held that a defendant can waive his rights under Federal Rule of Criminal Procedure 11 and Federal Rule of Evidence 410 so that statements made during plea discussions may be admissible to impeach him should he testify at his trial. In that case the prosecutor directly addressed the

defendant and told him that if he wished to cooperate with the government he would have to make a statement concerning his culpability and that any such statement could be used to impeach him should he testify differently at trial. The Supreme Court found that there was no evidence that the defendant had not knowingly and voluntarily waived the protections of the relevant rules concerning admissibility of statements made during plea negotiations.

The facts in this case are markedly different. The government asks the court to conclude from the four corners of this plea agreement that the defendant read and understood each and every provision of this agreement with the advice of counsel. This assumption is incorrect. At best Mr. Newton briefly scanned the document but did not read all of it. He did not carefully and slowly read every paragraph of that plea agreement. Unlike the case in *Mezzannatto*, there is no evidence that the prosecutor, or anyone else for that matter, read and explained the waiver provisions of this plea agreement to Mr. Newton. Mr. Newton who was living in California at the time traveled to Miami and in one day met with his attorney for the first time, then with the prosecutor and was told by his counsel in effect that he had to sign the plea agreement that day or the offer it contained would be withdrawn. He signed the agreement and then flew back to California.

It has been the usual practice of the U.S. Attorneys Office to present a

defendant who wants to cooperate with a Kastigar letter granting limited use immunity. Before an actual debriefing begins the prosecutor asks the defendant in the presence of his lawyer if the understands the provisions of the letter which usually includes a paragraph waiving protections afforded by Rule 11 and Rule 410. The prosecutor and/or the agent, who is also usually present, then interrogates the defendant or listens to what he has to say. That is the usual procedure that has been followed in this district for many years. The next step in the process, if the defendant wishes to enter a guilty plea, is for the government to present the defendant with a plea agreement which has no mention of any waiver language concerning Rules 11 and 410. The court then convenes all of the parties and on the record and undergrowth asks the defendant numerous questions required by the rules to make sure that he understands the rights he is waiving by pleading guilty and that he fully understands and has consulted with his lawyer about all of the provisions in the plea agreement.

    Recently, some prosecutors in this district have been using a different approach which defense counsel may not yet be used to. In this case both the debriefing, which here was no more than the factual proffer in the plea agreement, and the plea agreement itself were conflated into one document. The plea agreement in this case contains a factual proffer and a waiver of the protection afforded by these rules. It is

that factual proffer, and not a statement actually made by Mr. Newton to the prosecutor or the case agent, which the government intends to offer into evidence. So unlike the case in *Mezzannatto,* which was a more traditional debriefing with a warning by the prosecutor himself that statements by the defendant could later be used against him, here we have a piece of paper which bears Mr. Newton signature but no evidence that he actually made any statement or understood what he was signing and waiving.

Unlike a guilty plea in open court where there judge personally asks a defendant if he has read and understood all the visions of the plea agreement and whether he understands which rights he is giving up, the procedure followed by the government in this case was to present the defendant with a plea agreement and presume, without inquiring, that the defendant has read the entire agreement and understands it. The danger with the use of such plea agreements that are signed out of court without the protections of the guilty plea colloquy on the record, is that the issue will inevitably arise in every case as to whether the defendant knowingly and voluntarily waived his rights. A judge will eventually have to conduct a hearing to make this determination. Witnesses will have to be called, credibility questioned and findings made. It is a bad procedure to follow and one which will make for more litigation for everyone. In this case, Mr. Newton did not read the plea agreement, it

was not read to him, he did not understand the provisions of the plea agreement, they were not explained to him either by counsel or the prosecutor and in the end he did not make any statement to anyone.

Aside from the fact that Mr. Newton did not knowingly and voluntarily waive his rights in this plea agreement, the government is asking the court to go beyond the confines of the Supreme Court's holding which upheld a waiver only where the government was seeking to impeach the defendant with his statement. Neither the Supreme Court nor this Circuit has gone so far as to allow the government to use such statements in its case in chief at trial.

The cases cited by the government from other circuits allowing post waiver statements made after waivers to be introduced during the prosecution's case chief are distinguishable. In *United States v. Sylvester*, 583 F.3rd 285 (5th Cir. 2009) there was no dispute that the defendant had knowingly and voluntarily waived his rights, the waivers were not tucked into a plea agreement that the defendant never read and there was a real interrogation where the prosecutor and or agent asked questions of the defendant and got answers. In *United States v. Mitchell*, 633 F.3d 997 (10th Cir. 2011) and *United States v. Burch*, 156 F. 3rd 1315, (D.C. 1998) the defendants had actually pled guilty and gone through to a plea colloquy in which the court itself made sure they understood the rights that they were waiving. This clearly did not

happen here. Instead we have no evidence at all that Mr. Newton ever read, understood and knowingly waived his rights and no evidence that he actually made any statements to the prosecutor or case agent.

For these reasons the defendant asks the court to deny the government's motion to admit the contents of his plea agreement in its case chief or to otherwise use it to impeach him.

Respectfully submitted,

MICHAEL CARUSO
INTERIM FEDERAL PUBLIC DEFENDER

By: /s/ Miguel Caridad
Miguel Caridad
Assistant Federal Public Defender
Florida Bar No. 0161380
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000/(305) 536-4559: Fax
Email: miguel_caridad@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2011, undersigned counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: /s/ Miguel Caridad
Miguel Caridad

## SERVICE LIST

United States of America v. DOUGLAS NEWTON
CASE NO. 11-60150-CR-COOKE/TURNOFF(s)(s)


**Miguel Caridad, AFPD**
150 West Flagler Street Suite 1700
Miami, Florida 33l30
Tel. (305) 530-7000
Fax. (305) 536-4559
miguel_cariad@fd.org

**H. Ron Davidson, AUSA**
99 NE 4 Street
Miami, FL 33132
305-961-9405
Fax: 305-536-4699
Email: h.ron.davidson@usdoj.gov