UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-60150-Cr-Cooke(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS NEWTON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO MOTION *IN LIMINE*
TO PERMIT INTRODUCTION OF SIGNED PLEA AGREEMENT**

The United States, through the undersigned Assistant United States Attorney, respectfully submits this Reply to Defendant Douglas Newton's Response to the United States' Motion *in Limine* to Permit the Introduction of Defendant's Signed Plea Agreement. As discussed in the United States' original Motion, the Defendant's signed Plea Agreement is admissible because the Defendant knowingly waived his right not to have his pre-trial plea discussions admitted in the government's case-in-chief against the Defendant. In his Response, the Defendant argues that he did not knowingly and voluntarily waive his rights because he did not read the Plea Agreement carefully. This is surprising. In essence, Newton is claiming that he - a sophisticated businessman who orchestrated two complex securities fraud schemes - signed his Plea Agreement without first reading its important provisions and without his privately-retained counsel reading or explaining the provisions to the Defendant. Because the claims in the Defendant's Response are preposterous, the Court should grant the United States' Motion *in Limine*.

**ARGUMENT**

In *United States v. Mezzanatto*, Justice Thomas explained that a defendant can waive his Rule 410 protection because the admission of plea statements enhances the truth-seeking function of the courts. *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995). Accordingly, the Supreme Court held that plea agreement waivers are presumed to be entered into knowingly and voluntarily, absent some "affirmative indication" to the contrary. *Id.* That is, the burden to prove that a plea agreement and any waiver contained within it were *not* entered into voluntary falls on the defendant. *See id.*

Here, the government meet its burden of showing that Newton voluntarily entered into the Plea Agreement because the agreement contains the signatures of Newton and his attorney (and Newton's initials on the third page). The burden to prove that the agreement was *not* voluntary shifts to the Defendant who must show that the Plea Agreement and the waiver contained within it were not entered into knowingly and voluntarily. Newton cannot meet this burden.

**I. Netwon's Reliance on His Subjective Intent is Irrelevant.**

The Defendant argues that - despite *objective* evidence that Newton voluntarily entered into the Plea Agreement - he did not *subjectively* do so. This claim is factually incorrect (as discussed below), but also is legally insufficient to establish the "affirmative indication" required in *Mezzanatto*.

　　　*A.　As a Matter of Contract Law, the Defendant's Subjective Intent is Irrelevant.*

Newton's subjective understanding of the plea agreement's waiver should not be part of the Court's analysis under Rule 410. The Eleventh Circuit held that "Plea bargains . . . are like contracts and should be interpreted in accord with what the parties intended." *United States v. Rubbo*, 396

F.3d 1330, 1334 (11th Cir.2005). Under Florida contract law, "Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, [the plain language of the contract] is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it." *Allied Van Lines, Inc. v. Bratton*, 351 So.2d 344 (Fla.1977). Applying *Rubbo* and *Allied Van Lines*, Newton's claim that he did not waive his rights in the Plea Agreement because he did not read it fails as a legal matter. Newton's *subjective* understanding of the waiver is immaterial because he had an opportunity to read it.

      B.      *The* Mezzanatto *Holding Requires Objective Evidence*.

The analysis of the Supreme Court in *Mezzanatto* also shows that a defendant's *subjective* intent is not a factor that a court should consider when determining whether there is "affirmative indication" that the waiver was not knowing and voluntary when, as here, there is *objective* evidence that a defendant waived his rights.

By way of background, in *Mezzannatto*, the Supreme Court instructed judges to conduct case-by-case inquiries into whether agreements were coerced by the government; the Court did so to prevent prosecutorial overreaching. *See Mezzanatto*, 513 U.S. at 210. The Supreme Court's concern in *Mezzanatto* about *prosecutors* exerting pressure on defendants to plead guilty and abandon their Rule 410 rights, *id.*, is similar to the Court's concern in *Miranda* about *law enforcement* exerting undo influence on defendants in custody, *see Colorado v. Connelley*, 479 U.S. 157, 170 (1986). In *Connelley*, the Supreme Court explained that the "sole concern" of the *Miranda* warning (like the concern in *Mezzanatto*) warning is to prevent governmental coercion. *Id.*

3

The *Miranda* case law, therefore, is instructive, and the analysis under *Mezzannotto* (preventing prosecutors from pressuring defendants to waive rights) and *Miranda* (preventing law enforcement from doing the same) are similar.  In the *Miranda* context, the United States Supreme Court defined "voluntary" as the absence of police coercion, *id.*, and courts have found that it is a mistake to rely entirely on a defendant's *subjective* understanding of the *Miranda* warnings instead of relying on *objective* signs that the defendant's waiver was knowing and intelligent. *See, e.g., Garner v. Mitchell*, 502 F.3d 394 (6th Cir. 2007) (Rogers, J., dissenting), *overturned* 557 F.3d 257 (6th Cir. 2009) (*en banc*) (Rogers, J.).  As Judge John M. Rogers aptly noted, "A purely subjective approach deviates from the original purpose of the *Miranda* warnings, namely, 'to protect the suspect's privilege against compulsory self-incrimination.'" *Id.* (*citing Young v. Walls*, 311 F.3d 846, 850 (7th Cir. 2002);  *New York v. Quarles*, 467 U.S. 649, 656 (1984)) Indeed, Judge Richard Posner reasoned that the "relevant constitutional principles are aimed not at protecting people from themselves but at curbing abusive practices by public officers." *Rice v. Cooper*, 148 F.3d 747, 750 (7th Cir. 1998). To this end, "If [law enforcement officers have] no reason . . . to think that the suspect doesn't understand [the *Miranda* warnings], there is nothing that smacks of abusive behavior." *Id.* at 750–51; *see also Taylor v. Rogers*, No. 95-3904, 1996 WL 515349, at *3 (6th Cir. Sept. 10, 1996) (considering objective factors in determining whether consent was knowing and intelligent); *United States v. Turner*, 157 F.3d 552, 555 (8th Cir. 1998) (finding, based only on objective signs, that consent was knowing and intelligent); *Starr v. Lockhart*, 23 F.3d 1280, 1294 (8th Cir. 1994) (same); *Derrick v. Peterson*, 924 F.2d 813, 824 (9th Cir. 1990) (relying, in part, on objective signs to find waiver); *United States v. Rojas-Tapia*, 446 F.3d 1, 7–8 (1st Cir. 2006).

In this case, the Defendant cannot allege that the prosecution team coerced Newton into

signing the Plea Agreement or waiving his rights. There is, simply put, no *objective* evidence that the Defendant did not waive his rights, and the Court should permit the introduction of the Plea Agreement because the Defendant offers no *objective* evidence of an "affirmative indication" that the waiver was not knowing and voluntary. *See Connelley*, 479 U.S. at 166.

## II.  Newton Will Commit Perjury If He Denies Waiving His Rights.

Assuming the Court disagrees and finds that *subjective* evidence is admissible to prove an "affirmative indication" that the waiver was not knowing and voluntary, the Court should still permit the introduction of the Plea Agreement because, as a factual matter, it is incomprehensible that Newton did not knowingly and voluntarily waive his rights.

The Plea Agreement - written in plain English - speaks for itself. It reads, in paragraph 12(b), "any statements made by the defendant as part of plea discussions, any debriefings or interviews, *or in this agreement*, whether made prior to or after the execution of this agreement, will be admissible against him *without any limitation* in any civil or *criminal proceeding* brought by the government." Newton initialed the footnote found on page 3 and signed his full name on the last page. As a factual matter, the Defendant read the agreement and waived his rights. Relatedly, in his Response, Newton admits to "briefly scanning" the Plea Agreement. Presumably, a sophisticated businessman - with the advice of counsel - would have "scanned" the important provisions of an agreement that could have had major effects on the Defendant's life and career - including the waiver provision.

Given plain language of the Plea Agreement, the numerous signatures, the Defendant's admission to "scanning" it, and the importance of the Plea Agreement, the Court must conclude as a factual matter that Newton read it and knowingly and voluntarily waived his rights.

It is worth noting the collateral consequence of Newton pursuing his Motion. First, the Defendant will waive his attorney-client privilege because injecting an issue that requires testimony from his attorney constitutes a waiver. *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001). Newton's claim that he signed the Plea Agreement without understanding its contents amounts to an allegation of ineffective assistance of counsel, and one way to refute Newton's claims involves calling his former counsel to testify. *See id.*

Second, if he elects to testify, Newton will expose himself to potential perjury charges. The Court should instruct Newton as to the potential criminal charges that he will face if he testifies falsely.

Third, the Defendant might receive a two-level enhancement (if convicted) under the Sentencing Guidelines for obstructing justice by testifying falsely about his waiver of his rights.

Fourth, Newton could lose all reductions under the Sentencing Guidelines for acceptance of responsibility (if he were to plead) if he is found to have lied to the Court.

Fifth, Newton might be subject to an immediate revocation of his bond if the Court finds that he was untruthful on the witness stand.

Sixth, the Court should instruct Newton, at any hearing on the United States' Motion, that Newton that must testify truthfully regarding the underlying criminal charges (i.e. the securities fraud) or his testimony will be stricken. Rule 608(b) of the Federal Rules of Evidence permits, for the "purpose of attacking ... the witness' character for truthfulness," other "specific instances of the conduct of a witness" concerning "the witness' character for truthfulness or untruthfulness" on cross-examination. The Defendants' "character for truthfulness" must be tested under cross-examination by inquiring into the Defendant's prior instances of fraud - specifically the securities

frauds alleged in the Indictment.  As the Eleventh Circuit explained, "Acts probative of untruthfulness under Rule 608(b) include such acts as forgery, perjury, and fraud." *Ad-Vantage Telephone Director Consultants, Inc. v. GTE Directories Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994) (*citing United States v. Cusmano*, 729 F.2d 380, 383 (6th Cir. 1984).  That is, if the Defendant testifies at any hearing on the pre-trial Motion on the admissibility of the Plea Agreement, the government must be allowed to cross-examine the Defendant on all aspects of the securities fraud that gave rise to the factual proffer in the Plea Agreement.  If the Defendant invokes his right to remain silent, the Court should strike his testimony, leaving no evidence of the Defendant's subjective intent, and permit the introduction of the Plea Agreement.  *See United States v. Darwin*, 757 F.2 1193 (11th Cir. 1985) (affirming striking of testimony if it creates a substantial danger of prejudice by depriving a party of the ability to test the truth of the witness's direct testimony); *United States v. Smith*, 157 F. App'x 215 (11 th Cir. 2005).

Seventh, if the Defendant were to testify at the pre-trial motion, his statements are admissible in the United States' case-in-chief as statements of a party opponent.

## CONCLUSION

For these reasons the United States respectfully requests that the Court allow the introduction of Defendant's Plea Agreement during the government's case–in-chief.

    Respectfully submitted,
    WIFREDO A. FERRER
    UNITED STATES ATTORNEY
By:  /s/ H. Ron Davidson
    H. Ron Davidson
    Assistant United States Attorney
    Court ID No. A5501144
    99 Northeast 4th Street
    Miami, Florida 33132-2111

                                                     Tel: (305) 961-9405
                                                     Fax: (305) 530-7976

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 7, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

                                                     s/ H. Ron Davidson
                                                   Assistant United States Attorney