UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  11-60150-Cr-Cooke(s)(s)

UNITED STATES OF AMERICA   )
                            )
v.                          )
                            )
DOUGLAS NEWTON,             )
     Defendant.             )
_____)

**GOVERNMENT'S SUPPLEMENTAL REPLY TO DEFENDANT'S RESPONSE TO MOTION *IN LIMINE* TO PERMIT INTRODUCTION OF SIGNED PLEA AGREEMENT**

The United States, through the undersigned Assistant United States Attorney, respectfully submits this Supplemental Reply to Defendant Douglas Newton's Response to the United States' Motion *in Limine* to Permit the Introduction of Defendant's Signed Plea Agreement. The Defendant indicated that he will raise a new argument to the Court to justify the exclusion of the Defendant's signed plea agreement and its factual proffer. Instead of arguing that the Defendant did not read the plea agreement (which is a preposterous position to take), the Defendant will argue that, as a legal matter, the Court must exclude the plea agreement and its factual proffer because no court found that the Defendant voluntarily and knowingly waived his Rule 11 rights. That is, the Defendant will argue that confessions in plea agreements, unlike other confessions, are not admissible without a judicial colloquy. Because the authority upon which the Defendant relies for this argument (*United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993)) contradicts clear United States Supreme Court case law, the Court should reject the Defendant's supplemental argument and permit, at a minimum, the introduction of the plea agreement's factual proffer during the government's case-in-chief.

The government in this case is seeking to introduce the Defendant's confession that he

committed a crime. The Defendant's confession - here called the factual proffer - was made on January 24, 2011, when the Defendant signed a plea agreement admitting, among other facts, that he "conspired with others to use means and instrumentalities of interstate commerce to engage in a fraudulent scheme and artifice in connection with the purchase and sale of restricted stock."

The Defendant signed this confession under the most favorable of circumstances, after being advised by counsel and after the Defendant waived his right to silence. With counsel present, Douglas Newton had an opportunity to review evidence that the government presented to him. The Defendant then had an opportunity - without agents from the government present - to review a proposed plea agreement and factual proffer with his counsel. The Defendant and counsel discussed the plea agreement and factual proffer, and, without coercion or force, the Defendant decided to confess and agreed that his confession is admissible at trial.

The Defendant's confession in this case is admissible under a basic principle of criminal law - as articulated by the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 437 (1966) - that the government can introduce a defendant's statement after the defendant knowingly and voluntarily waived his right to silence. Simply put, there is *never* a need to drag a defendant before a court for a colloquy to determine whether a defendant waives his right to silence. Indeed, a defendant can waive his right to silence during a late-night traffic stop, *see Berkemer v. McCarty*, 468 U.S. 420, 423 (1984), or an early-morning search warrant, *cf. Michigan v. Summers*, 452 U.S. 692, 702 (1981), without the need a judge to first evaluate whether a defendant knowingly and voluntarily waived his rights.

The Defendant does not (because he cannot) dispute that the factual proffer in the plea agreement is an admission by his client. Similarly, he does not (because he cannot) dispute that the

confession was made after advise of counsel. Finally, the Defendant does not argue (again, because he cannot) that law enforcement improperly coerced the Defendant to waive his right to silence without being afforded the right to consult with an attorney. Instead, the Defendant intends to argue that the waiver of his right to remain silent (in paragraph 12 in the plea agreement) does not become effective until a court conducts a colloquy. He is mistaken and the authority upon which he will rely contradicts Supreme Court precedent.

The Defendant indicated that he intends to rely on *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), in which the Eleventh Circuit Court of Appeals held that "a defendant's knowing and voluntary waiver of the *right to appeal* his sentence will be enforced by this circuit" only if the district court "specifically question[s] the defendant concerning the waiver [of appeal] provision of the plea agreement during the Rule 11 colloquy" or "the record indicates that the defendant [understood] the full significance of the waiver." *Id.* at 1350-51 (emphasis added). *See also United States v. Jones*, 383 F. App'x 885, 887 n, 1 (11th Cir. 2010) (citing *Bushert*); *United States v. Stephen*, 440 F. App'x 824, 828 (11th Cir. 2011) (same). The Defendant intends to argues that, just like an appeal waiver, a waiver of the right to remain silent requires a judicial colloquy when the waiver of the right to remain silent appears in a plea agreement.

Reliance on *Bushert* is misplaced because applying the rule for appellate waivers in *Bushert* to factual proffers would directly contradict the Supreme Court decision in *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995). As previously discussed, in *Mezzanatto*, the Supreme Court held that a defendant can waive his Rule 11 and Rule 410 protections because the admission of plea statements enhances the truth-seeking function of the courts. No judicial colloquies are needed for *Mezzanatto* waivers because introducing a confession enhances the truth-seeking function of a court.

3

In stark contrast, preventing a defendant from appealing might have the opposite effect. This is an important distinction, and the Court should not require a *Bushert* colloquy before a defendant waives his *Miranda* and *Mezzanatto* right to remain silent.

Indeed, the Defendant and his initial counsel appeared to understand the distinction between appellate waivers and *Mezzanatto* waivers. For the Defendant's *Bushert* appellate waivers, the parties agreed that they will "request that the district court enter a specific finding that the defendant's waiver of his right to appeal ... was knowing and voluntary." That is, in paragraph 14 of the plea agreement, the parties understood that *Bushert* appellate waivers are not enforceable unless the court conducts an inquiry. In stark contrast, in paragraph 12 of the plea agreement, the Defendant waived his *Mezzanatto* rights and agreed that no judicial colloquy was necessary. The paragraph states, "In the event the defendant withdraws from this agreement *prior to* or after pleading guilty ... the defendant thereby waives any protection afforded by ... Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence [and] the defendant has adopted the entire factual basis ... as the defendant's own statement..." Indeed, the Defendant and his counsel agreed that, unlike appellate rights *Bushert*, the Defendant's right to remain silent in *Miranda* and *Mezzanatto,* did not require judicial intervention. The distinction was clear to everyone from the beginning.

For these reasons, the Court should permit, at a minimum, the agreed upon factual proffer to be admitted in the government's case-in-chief. The confession is no different from a confession any other defendant makes after being advised of his rights, and introducing such evidence would enhance the truth-seeking functions of this Court.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ H. Ron Davidson
H. Ron Davidson
Assistant United States Attorney
Court ID No. A5501144
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9405
Fax: (305) 530-7976

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 8, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

s/ H. Ron Davidson
Assistant United States Attorney